# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DIANE BLANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OPAL EVELYN ROGERS, administrator, | ) | Case No. 11-2711-CM-KGG |
| of the ESTATE OF GARRY REED, | ) | |
| deceased , | ) | |
| | ) | |
| Judgment Debtor, | ) | |
| | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Garnishee. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Before the Court are the following motions of the parties:

1)      Motion to Compel (Doc. 23);

2)      Motion to Quash Subpoena *Duces Tecum* for Alicia Traffas (Doc. 43);

3)      Amended Motion to Quash Subpoena *Duces Tecum* for Alicia Traffas (Doc. 49); and

4)      Motion to Compel Discovery (Doc. 56).

Upon request by this Court and following certain discussions by the parties, the

parties provided supplemental briefing regarding the issues raised in the above

motions to compel.  Garnishee's supplemental opposition is found at Doc. 78,

Plaintiff's additional suggestions in support are found at Doc. 79.

## FACTUAL BACKGROUND

This matter arises from an automobile accident involving Garry Reed and

the husband of Diane Blann.  Reed and Ms. Blann's husband were both killed in

the accident.  A multi-million dollar judgment, in excess of Reed's insurance

coverage, was previously entered on behalf of Ms. Blann and her children in

litigation brought against Reed's estate.

The matter currently before the Court is a garnishment action brought by

Ms. Blann as judgment creditor against the estate of Gary Reed, deceased, the

judgment debtor.  The insurance company of the deceased, American Family

Mutual Insurance Company, is garnishee.  In the current matter, Blann contends

that American Family "is responsible for paying the entire judgment because of

bad faith and negligence in handling the claim against American Family's insured,

the Reed estate."  (Doc. 57, at 1.)

The matter comes before the Court on Blann's motions to compel certain

documents, including the entire contents of the insurance claims file from the prior

wrongful death litigation.[1]  (Doc. 23.)  Blann also noticed a deposition, *duces tecum*, for Alicia Traffas, American Family's claims adjuster, requesting that she bring the documents that are the subject of Blann's motion to compel.  (*See* Doc. 49.)  American Family did not oppose the deposition itself, but rather moved to quash the portion of subpoena commanding Ms. Traffas to bring said documents.

During a telephone conference with the Court, the parties were instructed to engage in "additional efforts to resolve the issues among the parties" and then "file simultaneous supplemental memoranda updating [the motions to compel and quash], and explaining clearly what issues remain for the Court's resolution and briefing their positions on those issues to the extent they are not briefed in previous submissions."  (Doc. 71, Minute Order.)  Based on the memoranda submitted by the parties (Docs. 78, 79), the Court determines that the only documents remaining at issue are certain portions of the claims file.

## DISCUSSION

The Federal Rules of Civil Procedure govern claims of privilege in response to discovery.  Rule 26(b)(5)(A) states:

---

[1]  The motions of the parties initially related to documents in addition to the claims file.  (*See generally* Docs. 23, 43, 49, and 56.)  Based on the supplemental submissions of the parties, the Court finds issues other than those relating to the wrongful death insurance claims file to be **MOOT**.  (*See* Docs. 78, 79.)

> When a party withholds information otherwise
> discoverable under these rules by claiming that it is
> privileged . . . , the party shall make the claim expressly
> and shall describe the nature of the documents,
> communications, or things not produced or disclosed in a
> manner that, without revealing information itself
> privileged or protected, will enable other parties to assess
> the applicability of the privilege or protection.

This Rule is further supplemented by local deposition guidelines which state that, in a deposition, "[w]hen privilege or work product immunity is asserted, the witness is nevertheless required to answer questions relevant to the existence, extent, or waiver of the privilege/immunity, such as the date of a communication, who made it, to whom it has been disclosed, and its general subject matter."  D. Kan. Deposition Guidelines ¶ 5(b).[2]

Federal Rule of Evidence 501 governs the issue of privilege in federal courts.  In this case, plaintiff asserts state law garnishment claims, as discussed above.  As such, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  Fed.R.Evid. 501.

The elements to establish the attorney-client privilege are well-established in this District and the Tenth Circuit:

---

[2]  Available on the Court's public website at http//www.ksd.uscourts.gov/attorneys/depositionguidelines.pdf.

4

> Parties objecting to discovery on the basis of the
> attorney-client privilege bear the burden of establishing
> that it applies.  They must make a "clear showing" that
> the asserted objection applies.  To carry the burden, they
> must describe in detail the document or information to be
> protected and provide precise reasons for the objection to
> discovery.  They must provide sufficient information to
> enable the court to determine whether each element of
> the asserted privilege is satisfied.

*ERA Franchise Sys., Inc. v. N. Ins. Co. of New York*, 183 F.R.D. 276, 278-79 (D.

Kan. 1998) (internal citations omitted); *see also* *United States v. Lopez*, 777 F.2d

543, 552 (10th Cir. 1985); *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-

JWL-DJW, 2007 WL 445201, at *2 (D. Kan. Feb. 7, 2007); *IMC Chemicals, Inc.*

*v. Niro Inc.*, No. 98-2348-JTM, 2000 WL 1466495, at *10-11 (D. Kan. July 19,

2000); *Boyer v. Bd. of County Comm'rs of County of Johnson*, 162 F.R.D. 687,

688-89 (D. Kan. 1995).

The attorney-client privilege attaches to shield from discovery those

communications between a client and an attorney, made in confidence, under

"circumstances from which it may reasonably be assumed that the communication

will remain in confidence." *In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179,

1185 (10th Cir. 2006) (citing *Lopez*, 777 F.2d at 552).  Communications from the

client to the attorney as well as those from the attorney to the client are both

privileged.  *Lintz v. Am. Gen. Fin., Inc.*, No. 98-2213-JWL, 1999 WL 450197, at

*3 (D. Kan. Jun. 24, 1999) (stating that the attorney-client privilege is triggered by a client's request for legal, as opposed to business, advice and communications from an attorney to a client).  It is also well-established that privileges are to be strictly construed and narrowly applied.  *See Trammel v. United States*, 445 U.S. 40, 50 (1980) (stating that "testimonial exclusionary rules and privileges . . . must be strictly construed"); *Univ. of Pa. v. EEOC*, 493 U.S. 182, 189 (1990) (stating that although privileges are to be decided on a case by case basis, the Court was disinclined to "exercise this authority expansively"); *United States v. Nixon,* 418 U.S. 683, 710 (1974) (exceptions to the demand for every man's evidence are not to be expansively construed because they are in derogation of the search for the truth).

In the matter before the Court, American Family argues that the portions of the claim file at issue constitute "privileged communication between a member of the American Family Legal Department and a claim professional in the American Family claim department, all made for the purposes of either seeking and/or giving legal advice relating to the wrongful death claims that had been presented arising from the underlying accident."  (Doc. 78, at 2.)  American Family contends that it did not waive the privilege when it gave a full copy of the documents at issue to Reed's defense counsel in the underlying lawsuit because that defense counsel

"had a common interest with American Family in defending and protecting the insured's estate in the litigation, therefore anything shared by American Family with [Reed's attorney] does not waive the privilege."  (*Id*., at 4.)

Even assuming for the sake of argument that this is correct, providing the documents to the insured's attorney waived the privilege against the insured, Blann has received from the administrator of Reed's estate a "written waiver of the attorney client privilege with regard to the communications between [the administrator] and [defense counsel] in the underlying wrongful death action." (Doc.  79, at 3.)  Blann stands in the insured's shoes for the purposes of this garnishment action.  ***Bergeson v. Dilworth***, 875 F.Supp. 733, 738 (D. Kan. 1995). In addition, Blann has a waiver from the insured regarding any attorney/client information contained in the claims file from the underlying wrongful death action. As such, the documents are clearly discoverable in the present matter.

The motions to compel filed by Blann, the judgment creditor (Docs. 23, 56), are **GRANTED**.  The motions to quash filed by American Family, garnishee (Docs. 43, 49) are **DENIED**.  The documents shall be produced to Blann **on or before October 16, 2012**.  The Court further orders that the deposition of Ms. Traffas be reconvened at a time mutually agreeable to the parties.  Plaintiff's requests for costs and attorney's fees is, however, **DENIED** as the Court finds the

parties' dispute to be justified given the nature of the documents involved and claim of privilege.  Fed.R.Civ.P. 37(a)(5).

**IT IS SO ORDERED**.

Dated at Wichita, Kansas on this 2nd day of October, 2012.

               S/ KENNETH G. GALE

               KENNETH G. GALE
               U.S. MAGISTRATE JUDGE